IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01479-ZLW

MANUEL SESARIO DePINEDA,

    Plaintiff,

v.

ARI ZAVARAS, Executive Director C.D.O.C.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2010

GREGORY C. LANGHAM
                            CLERK

ORDER

       Plaintiff, Manuel Sesario DePineda, filed *pro se* on July 8, 2010, a "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action." On June 23, 2010, the Court dismissed the instant action without prejudice because Mr. DePineda failed to comply with a sanction order that restricts his ability to file *pro se* actions in the District of Colorado. See *DePineda v. State of Colorado*, No. 98-cv-02067-ZLW (D. Colo. Feb. 25, 1999).

       The Court must construe the petition liberally because Mr. DePineda is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the petition liberally as both a request to file a *pro se* action and a request to reconsider the order dismissing this action. Both requests will be denied.

       A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. DePineda's liberally construed request to reconsider pursuant to Rule 59(e) because the petition was filed within twenty-eight days after the Judgment was entered in this action on June 23, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See **Servants of the Paraclete v. Does**,* 204 F.3d 1005, 1012 (10th Cir. 2000).

As noted above, the Court dismissed this action because Mr. DePineda failed to comply with a sanction order that restricts his ability to file *pro se* actions in the District of Colorado. In 98-cv-02067-ZLW, Mr. DePineda was "prohibited from initiating a lawsuit in this Court unless he is represented by a licensed attorney admitted to practice in this Court or unless he obtains permission to proceed *pro se* by following the procedures listed in Appendix A." *See **DePineda**,* No. 98-cv-02067-ZLW, slip op. at 1-2. The procedures listed in Appendix A to the sanction order entered in 98-cv-02067-ZLW require Mr. DePineda to submit to the Court a petition titled "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action," an affidavit, and a copy of the

complaint or other papers sought to be filed *pro se*. The Court determined that Mr. DePineda did not comply with the sanction order because he is not represented by an attorney, he did obtain leave of court to proceed *pro se*, and he failed to file a petition seeking leave of court to proceed *pro se* as required by the procedures set forth in Appendix A to the Court's sanction order in 98-cv-02067-ZLW.

Upon consideration of the liberally construed request to reconsider and the entire file, the Court finds that Mr. DePineda fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. DePineda fails to demonstrate the existence of an intervening change in controlling law or new evidence, and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. In fact, Mr. DePineda does not even argue that he complied with the sanction order when he tendered his *pro se* complaint to the Court for filing.

Mr. DePineda's request to file a *pro se* action also will be denied. Among the factors to be considered by the Court in determining whether Mr. DePineda should be allowed to file a *pro se* action are whether he has complied with the sanction order, the Court's local rules, and the Federal Rules of Civil Procedure. Even a cursory review of the pleading Mr. DePineda seeks to file in this action reveals that Mr. DePineda has violated the Court's local rules by failing to use the proper Prisoner Complaint form, **see** D.C.COLO.LCivR 8.2A., and that he fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court also notes that Mr. DePineda has failed either to pay the filing fee for a civil action or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

For all of these reasons, Mr. DePineda's liberally construed request to reconsider the order dismissing this action and his request to file a *pro se* action will be denied. Accordingly, it is

ORDERED that the "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action" filed on July 8, 2010, is denied.

DATED at Denver, Colorado, this __15th__ day of __July__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01479-BNB

Manuel Sesario DePineda
Prisoner No. 59436
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/15/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk